## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONKSI,

          Plaintiff,

-vs-

SUNPATH LTD., ET AL.

          Defendant.

_____/

Case No. 19-cv-13094

Honorable Marianne O. Battani
Magistrate Judge Elizabeth A. Stafford

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), defendants SunPath Ltd. ("SunPath"), Andrew M. Garcia ("Mr. Garcia"), and Joseph A. Abraham ("Mr. Abraham") (collectively, "Defendants"), by counsel, hereby move this Court to dismiss this case in its entirety against all Defendants for lack of personal jurisdiction or, in the alternative, to dismiss certain counts in the Complaint for failing to state a claim upon which relief may be granted.  In support of their Motion to Dismiss ("Motion"), Defendants state the following:

1.      On September 24, 2019, Plaintiff Mark W. Dobronski ("Plaintiff") filed this action seeking damages from Defendants.

2.      Plaintiff's Complaint alleges he received fourteen (14) phone calls (the "Subject Calls") to his cell phone made by Defendants in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et sec.*

3.      On October 22, 2019, Defendants removed the case to this Court.

4.      Pursuant to Fed. R. Civ. P. 12(b)(2), Defendants seek dismissal of the case with prejudice for lack of personal jurisdiction.  In the alternative, pursuant to Fed. R. Civ. P. 12(b)(6), Defendants seek dismissal of Count III for failure to state a claim upon which relief may be granted.  Specifically, there is no private right of action on which Plaintiff may bring the claim set forth in Count III.

5.      On October 29, 2019, pursuant to Local Rule 7.1(a), the undersigned attempted to confer with Plaintiff by telephoning the number printed on the summons (upon information and belief, Plaintiff's business number), to explain the nature of, and legal basis for, this Motion. The undersigned identified herself to the woman who answered the phone and asked to speak with Plaintiff. The undersigned was informed that Mr. Dobronski was unavailable and his future availability was unknown. The undersigned explained that she was calling to discuss a matter of importance relating to this matter and asked that Mr. Dobronski return the call as soon as possible. The undersigned followed up with an email to Mr. Dobronski that explained the nature of this Motion and its legal basis, and requested his concurrence in the relief requested. At the time this Motion was filed, Mr. Dobronski had not responded by telephone or email.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND
STONE, PLC

By:    */s/ Emily C. Palacios*
        Emily C. Palacios (P64941)
        101 North Main Street, 7th Floor
        Ann Arbor, MI 48104
        (734) 668-7784
        (734) 747-7147
        palacios@millercanfield.com

        and

        Mitchell N. Roth (*pro hac vice
        forthcoming)*
        Genevieve C. Bradley (admitted)
        ROTH JACKSON
        8200 Greensboro Drive, Suite 820
        McLean, Virginia 22102
        (703) 485-3536
        (703) 485-3525
        mroth@rothjackson.com
        gbradley@rothjackson.com

        *Counsel for Defendants SunPath Ltd.,
        Andrew M. Garcia, and Joseph A.
        Abraham*

Date: October 29, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONKSI,

        Plaintiff,

-vs-

SUNPATH LTD., ET AL.

        Defendant.

Case No. 19-cv-13094

Honorable Marianne O. Battani
Magistrate Judge Elizabeth A. Stafford

## DEFENDANTS' BRIEF IN SUPPORT
## OF ITS MOTION TO DISMISS

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................... ii

MOST APPROPRIATE/CONTROLLING LAW..................................... iv

QUESTIONS PRESENTED..................................................................... v

I.   STATEMENT OF FACTS ............................................................ 1

II.  ARGUMENT................................................................................. 1

    A.   INTRODUCTION.................................................................. 2

    B.   LEGAL STANDARD ........................................................... 3

        1.   Rule 12(b)(2) ................................................................ 3

        2.   Rule 12(b)(6) ................................................................ 3

    C.   ARGUMENT ........................................................................ 4

        1.   This Court Should Dismiss the Complaint for Lack of
            Personal Jurisdiction Over Defendants ....................... 4

            a.   This Court lacks general personal jurisdiction over
                Defendants ............................................................ 5

            b.   This Court lacks specific personal jurisdiction over
                Defendants ............................................................ 7

    D.   NOTWITHSTANDING THE LACK OF PERSONAL
        JURISDICTION OVER DEFENDANTS, COUNT III FAILS
        TO STATE A CLAIM UPON WHICH RELIEF MAY BE
        GRANTED AND SHOULD BE DISMISSED WITH
        PREJUDICE ........................................................................ 11

III. CONCLUSION ............................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................4

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017) ............................................................7, 8

*Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000) ....................8, 9, 10, 11

*Commc'ns. Network Billing v. ILD Telecomms., Inc.*, Civil Case No. 17-10260, 2017 U.S. Dist. LEXIS 130408 (E.D. Mich. Aug. 16, 2017) ...........................................................................*passim*

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ...........................................6

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523 (6th Cir. 2007) ...................................................................................4

*Meyer v. Capital All. Grp.*, Case No.: 15-CV-2405-WVG, 2017 U.S. Dist. LEXIS 183690 (S.D. Cal. Nov. 6, 2017) ................................12

*Pilipovic v. Doe*, Case No. 19-12033, 2019 U.S. Dist. LEXIS 160242 (E.D. Mich. Sept. 19, 2019).........................................................3, 6, 7

*Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212 (6th Cir. 1989)....................3

*Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974) ......................................9

*Worsham v. Travel Options, Inc.*, CIVIL NO. JKB-14-2749, 2016 U.S. Dist. LEXIS 118774 (D. Md. Sept. 2, 2016)..............................12

**Statutes**

47 U.S.C. §§ 227(b)(3)..............................................................................12

47 U.S.C. § 227(c)(5)................................................................................12

**Rules**

Fed. R. Civ. P. 12(b)(2).........................................................................1, 3

Fed. R. Civ. P. 12(b)(6).............................................................................1, 3

Rule 8(a)(2) of the Federal Rules of Civil Procedure.................................3

**Constitutional Provisions**

Fourteenth Amendment ................................................................................5

**Other Authorities**

47 C.F.R. § 64.1601(e).........................................................................1, 11, 12

47 C.F.R. § 64.1601(e)(1)...........................................................................12

## <u>MOST APPROPRIATE/CONTROLLING LAW</u>

*Serras v. First Tenn. Bank, Nat'l Ass'n*, 875 F.2d 1212 (6th Cir. 1989)

*Daimler AG v. Bauman*, 571 U.S. 117 (2014)

*Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000)

*Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974)

## <u>QUESTIONS PRESENTED</u>

**A.**    Does this Court lack personal jurisdiction over each defendant in this case, all of whom reside in Massachusetts and have no involvement in the alleged unlawful telephone calls?

Defendants answer:                                    Yes.

Plaintiff answers:                                    No.

The Court should answer:                              Yes.

**B.**    Notwithstanding, if the Court finds that there is personal jurisdiction over any defendant, should Counts II, III, and IV be dismissed for failure to state a claim?

Defendants answer:                                    Yes.

Plaintiff answers:                                    No.

The Court should answer:                              Yes.

## I.     STATEMENT OF FACTS

1.     Plaintiff filed this action for damages against Defendants SunPath, Mr. Garcia, and Mr. Abraham  on September 24, 2019.  Plaintiff's claims arise out of fourteen (14) alleged telephone calls to his cell phone ("Subject Calls") that he claims violated the TCPA's restrictions on calls to cell phones and the do-not-call restrictions.

2.     SunPath is a Delaware corporation with its only principal office located in Massachusetts.   Mr. Garcia and Mr. Abraham reside solely in Massachusetts.

3.     Whatever merit to Plaintiff's claims that the Subject Calls were unlawful, none of the Defendants were involved in the Subject Calls.  SunPath does not make outbound telemarketing calls and did not call Plaintiff's line. Likewise, Mr. Garcia and Mr. Abraham did not oversee or participate in the Subject Calls.

## II.    ARGUMENT

Defendants move this Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) or, alternatively,  to dismiss Count III pursuant to Fed. R. Civ. P. 12(b)(6).    There is neither general nor specific personal jurisdiction over Defendants.   Moreover, there is no private right of action for 47 C.F.R. § 64.1601(e) cited in Count III.

## A.    INTRODUCTION

SunPath is corporation formed in Delaware and headquartered in Braintree, Massachusetts.  It is a third party administrator of extended service contracts for automobiles.  In other words, it is engaged in the business of servicing incoming claims by customers and providing customer service for existing customers. SunPath does not engage in outbound telemarketing whatsoever.  Unfortunately for Mr. Garcia and Mr. Abraham, Plaintiff (a prolific professional plaintiff in his own right) discovered that they are officers of SunPath and on that basis alone named them as defendants in this lawsuit as well.  Neither Mr. Garcia nor Mr. Abraham are residents of the State of Michigan.  Both reside full time in Massachusetts. They do not oversee or control any SunPath outbound telemarketing calls because – as stated above – SunPath does not make outbound telemarketing calls.  None of the Defendants made the Subject Calls.  Accordingly, there is no basis on which this Court may exercise personal jurisdiction over any of the Defendants.

Notwithstanding the lack of personal jurisdiction over Defendants, Count III also fails to state a claim upon which relief may be granted.  Specifically, the technical and procedural regulations cited in this Count does not contain a private right of action by which Plaintiff can maintain the claim.  Therefore, as set forth in more detail below, Count III must be dismissed with prejudice.

### B.   LEGAL STANDARD

#### 1.   Rule 12(b)(2)

A "plaintiff always bears the burden of establishing that [personal] jurisdiction exists." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  When confronted with a motion to dismiss, a plaintiff must "'set forth specific facts showing that the court has jurisdiction.'"  *Pilipovic v. Doe*, Case No. 19-12033, 2019 U.S. Dist. LEXIS 160242, at *2 (E.D. Mich. Sept. 19, 2019) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). The district court "may proceed by relying solely on written submissions and affidavits to resolve the jurisdictional questions or it may permit limited discovery or hold an evidentiary hearing in aid of the motion."  *Commc'ns. Network Billing v. ILD Telecomms., Inc.*, Civil Case No. 17-10260, 2017 U.S. Dist. LEXIS 130408, at *2 (E.D. Mich. Aug. 16, 2017) (citing *Serras*, 875 F.2d at 1214).

#### 2.   Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading that offers merely "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" does not meet the requirements of the Rule.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)) (internal quotation marks omitted).

To survive a motion to dismiss, a complaint must contain sufficient facts, taken as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In sum, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### C.    ARGUMENT

#### 1.    This Court Should Dismiss the Complaint for Lack of Personal Jurisdiction Over Defendants.

This Court may exercise personal jurisdiction over nonresident defendants like SunPath, Mr. Garcia, and Mr. Abraham only to the extent permitted by the

long-arm statute of the forum state and by the Due Process Clause of the Fourteenth Amendment. *ILD Telecomms.*, 2017 U.S. Dist. LEXIS 130408 at *2 (citing *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994); *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). Michigan is understood "'to intend its long-arm statute to extend to the boundaries of the fourteenth amendment.'" *ILD Telecomms.*, 2017 U.S. Dist. LEXIS 130408 at *2 (quoting *Children's Legal Servs., PLLC v. Shor Levin & DeRita, PC*, 850 F. Supp. 2d 673, 679 (6th Cir. 2012)). Accordingly, this Court "need only determine whether exercising personal jurisdiction violates constitutional due process." *Id.* at *2-3 (internal quotation marks omitted). To satisfy due process in this case, there must be "certain minimum contacts" with Michigan such that maintaining the suit here "does not offend 'traditional notions of fair play and substantial justice.'" *ILD Telecomms.*, 2017 U.S. Dist. LEXIS 130408 at *3 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

## a.   This Court lacks general personal jurisdiction over Defendants.

Personal jurisdiction exists in two forms: either general or specific jurisdiction. *Id.* For individuals such as Mr. Garcia and Mr. Abraham, "'the paradigm forum for the exercise of general jurisdiction is the individual's domicile.'" *ILD Telecomms.*, 2017 U.S. Dist. LEXIS 130408 at *3 (quoting

5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).
For a corporate entity such as SunPath, general jurisdiction may be exercised if the
entity's "affiliations with the State are so 'continuous and systematic' as to render
[it] . . . essentially at home in the forum State." *Id.* (quoting *Goodyear*, 564 U.S. at
919).  Thus, the "paradigm forum" of a corporation is the state where the entity
was incorporated or its principal place of business.  *Pilipovic*, 2019 U.S. Dist.
LEXIS 160242 at *2-3 (quoting *Goodyear*, 564 U.S. at 924).   Crucially, a
corporation's business activities generally in a state is insufficient alone to
establish general personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 123
(2014).  Likewise, an entity operating nationwide "can scarcely be deemed at home
in all" fifty states.  *Id.* at 139 n.20.

Based on the foregoing Supreme Court precedent, none of the Defendants
can be considered "at home" in Michigan.  True, accurate copies of declarations
executed by defendants Mr. Garcia  and Mr. Abraham are attached as **Exhibits 1**
and **2**, respectively.

In their declarations, Mr. Garcia and Mr. Abraham both affirm that that they
reside in Massachusetts – not Michigan.  Garcia Decl. ¶ 2, Abraham Decl. ¶ 2; *see*
*ILD Telecomms.*, 2017 U.S. Dist. LEXIS 130408 at *3. ("[T]he paradigm forum
for the exercise of general jurisdiction is the individual's domicile.").  Indeed, they
have never even owned or leased property in Michigan.  Garcia Decl. ¶ 2,

Abraham Decl. ¶ 2.  Neither of them have ever visited Michigan.  Garcia Decl. ¶ 2, Abraham Decl. ¶ 2.

Likewise, SunPath was incorporated in Delaware and its only principal place of business is in Massachusetts – not Michigan.  Garcia Decl. ¶ 3, Abraham Decl. ¶ 3; *See Pilipovic*, 2019 U.S. Dist. LEXIS 160242 at *2-3 (noting that the "paradigm forum" for a corporate entity is the state where was incorporated or its principal place of business (quoting *Goodyear*, 564 U.S. at 924)).  SunPath does not own or lease any property in the state of Michigan.  Garcia Decl. ¶ 4, Abraham Decl. ¶ 4.  Moreover, there are no office locations in Michigan where SunPath has ever conducted operations of any kind, let alone substantial operations.   Garcia Decl. ¶ 5, Abraham Decl. ¶ 5.

Therefore, it is clear that there is no general jurisdiction over any of the Defendants and, without specific jurisdiction either, this case must be dismissed.

   **b.**  <u>**This Court lacks specific personal jurisdiction over Defendants.**</u>

"In order for a state court to exercise specific jurisdiction, 'the suit must arise out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler*, 571 U.S. at 118).   Thus, there must be a connection

between the forum and the activities that give rise to the controversy.  *Id.* (citing

*Goodyear*, 564 U.S. at 919).

The Sixth Circuit uses a three-part test for whether a court may exercise

specific personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of
> acting in the forum state or causing a consequence in the forum state.
> Second, the cause of action must arise from the defendant's activities
> there.  Finally, the acts of the defendant or consequences caused by
> the defendant must have a substantial enough connection with the
> forum state to make the exercise of jurisdiction over the defendant
> reasonable.

*Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) (quoting *Southern*

*Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

First, and most problematic to Plaintiff's case for specific jurisdiction,

neither Mr. Garcia, Mr. Abraham, nor SunPath made the Subject Calls, Garcia

Decl. ¶¶ 6,8, Abraham Decl. ¶¶ 6,8, which would be the entire basis for tying any

Defendant to Michigan.   Indeed, SunPath is a third party administrator of extended

service contracts for automobiles.   Garcia Decl. ¶ 9, Abraham Decl. ¶ 9.   It is

engaged primarily in the business of handling incoming claims by customers and

customer service for existing customers.   Garcia Decl. ¶ 9, Abraham Decl. ¶ 9.

SunPath does not engage in outbound telemarketing itself.   Garcia Decl. ¶ 6,

Abraham Decl. ¶ 6.   Moreover, none of the Defendants "caused" anyone to call

Plaintiff.  Garcia Decl. ¶¶ 6-8, Abraham Decl. ¶¶ 6-8.

Mr. Garcia is President of SunPath and  Mr. Abraham is the Chief Operating Officer of SunPath, both of whom supervise company operations.[1]  Garcia Decl. ¶ 1, Abraham Decl. ¶ 1.  However, because  SunPath does not engage in outbound telemarketing calls, it is clear that neither Mr. Garcia nor Mr. Abraham oversee or control any SunPath outbound telemarketing calls.  Garcia Decl. ¶¶ 6,8, Abraham Decl. ¶¶ 6,8.

Applying the factors from the *Calphalon* test, this Court lacks specific personal jurisdiction over all of the Defendants.  First, none of the Defendants purposefully availed themselves of the "privilege of acting in the forum state or causing a consequence in the forum state."  *Calphalon*, 228 F.3d at 721 (quoting *Southern Machine Co.*, 401 F.2d at 381).  "A defendant 'purposefully avails' himself if his 'contacts proximately result from the actions by the defendant *himself* that create a substantial connection with the forum State.'"  *ILD Telecomms.*, 2017 U.S. Dist. LEXIS 130408 at *4 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  These contacts cannot be "'random,'" "'fortuitous,'" "'attenuated,'" or the "'unilateral activity of another party or third

---

[1] "It is settled that jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation."  *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974) (citing *Wilshire Oil Co. of Texas v. Riffle*, 409 F.2d 1277 (10th Cir. 1969); *Path Instruments Int'l Corp. v. Asahi Optical Co.*, 312 F. Supp. 805 (S.D.N.Y. 1970)).

person.'"  *Id.* (quoting *Burger King*, 471 U.S. at 475).  Yet, the Defendants do not have any contacts that create a substantial connection with the state of Michigan. Indeed, the only contacts SunPath has (and by extension, Mr. Garcia and Mr. Abraham may have had) with consumers in the state of Michigan would be SunPath's *receipt* (not solicitation of) of inbound calls from existing customers regarding claims on or questions regarding their extended vehicle warranties. Garcia Decl. ¶ 9, Abraham Decl. ¶ 9.

Receipt of these types of service calls is the definition of contacts resulting from the "'unilateral activity of another party of third person,'"  which does not amount to purposeful availment.  *ILD Telecomms.*, 2017 U.S. Dist. LEXIS 130408 at *4 (quoting *Burger King*, 471 U.S. at 475).

Second, *Calphalon* instructs that, for specific personal jurisdiction to exist, "the cause of action must arise from the defendant's activities there."  *Calphalon*, 228 F.3d at 721 (quoting *Southern Machine Co.*, 401 F.2d at 381).  Plainly, Plaintiff's claims that it received the Subject Calls in violation of the TCPA, etc. do not arise out of Defendants' activities administering extended vehicle warranties, let alone such activities in Michigan.  Defendant does not make outbound telemarketing calls and did not make the Subject Calls nor cause them to be made by anyone else.  Garcia Decl. ¶ 6, Abraham Decl. ¶ 6.

Lastly, the final factor in the *Calphalon* test requires the Court to consider whether "the acts of the defendant or consequences caused by the defendant . . . have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Calphalon*, 228 F.3d at 721 (quoting *Southern Machine Co.*, 401 F.2d at 381). It would be patently unreasonable for the Court to exercise specific personal jurisdiction over the Defendants where they have not undertaken acts that caused the Subject Calls to be made. In other words there is no connection substantial enough with Michigan as a forum because there were no actions taken by Defendants or consequences caused by Defendants in the first place.

Thus, specific jurisdiction is lacking because there were no contacts with Michigan by Defendants out of which the cause of action arises. Accordingly, this Court should dismiss the Complaint for lack of personal jurisdiction, both general and specific, over Defendants.

**D.  NOTWITHSTANDING THE LACK OF PERSONAL JURISDICTION OVER DEFENDANTS, COUNT III FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND SHOULD BE DISMISSED WITH PREJUDICE.**

In Count III, Plaintiff asserts a purported violation of FCC regulations, 47 C.F.R. § 64.1601(e), but his claims lacks a viable private right of action and therefore must be dismissed with prejudice.

11

Specifically, in Count III of the Complaint, Plaintiff alleges that Defendants violated 47 C.F.R. § 64.1601(e) by "spoofing" the caller identification number that was transmitted with the Subject Calls. Compl. ¶ 53. 47 C.F.R. § 64.1601(e) was implemented pursuant to subsection d of the TCPA, which provides for certain procedural and technical standards for telemarketing calls. Only subsections b and c of the TCPA provide for a private right of action. *See* 47 U.S.C. §§ 227(b)(3); 47 U.S.C. § 227(c)(5). Because only subsections b and c provide for a private right of action, no private right of action exists for an alleged violation of 47 C.F.R. § 64.1601(e). *Worsham v. Travel Options, Inc.*, CIVIL NO. JKB-14-2749, 2016 U.S. Dist. LEXIS 118774, at *19-20 (D. Md. Sept. 2, 2016) ("[A]n asserted violation of 47 C.F.R. § 64.1601(e)(1) is not properly brought under either the TCPA's subsection b or subsection c . . . [and] any violation of § 64.1601(e)(1) is a violation of technical and procedural standards under subsection d, . . . [for which] no provide right of action exists."); *Meyer v. Capital All. Grp.*, Case No.: 15-CV-2405-WVG, 2017 U.S. Dist. LEXIS 183690 at *43, 45-47 (S.D. Cal. Nov. 6, 2017) (adopting the reasoning in *Worsham* and the Supreme Court's guidance that courts may not create a private right of action where none has been expressly provided and therefore holding that section 64.1601(e) does not provide for a private right of action (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855-56 (2017) ("If the statute

12

does not itself so provide, a private right of action will not be created through judicial mandate."); *Worsham*, 2016 U.S. Dist. LEXIS 118774, at *11-12)).

Accordingly, Count III must be dismissed with prejudice.

### III.    CONCLUSION

WHEREFORE, Defendants, by counsel, respectfully request that this Court (i) enter an Order dismissing the Complaint as to each Defendant for lack of personal jurisdiction, (ii) or, in the alternative, dismissing Counts II, III, and IV for failure to state a viable cause of action, and (iii) for such further relief as the Court deems necessary and just.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, PLC

By:     */s/ Emily C. Palacios*
        Emily C. Palacios (P64941)
        101 North Main Street, 7th Floor
        Ann Arbor, MI 48104
        (734) 668-7784
        (734) 747-7147
        palacios@millercanfield.com

        and

Mitchell N. Roth (*pro hac vice
forthcoming)*
Genevieve C. Bradley (admitted)
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, Virginia 22102
(703) 485-3536
(703) 485-3525
mroth@rothjackson.com
gbradley@rothjackson.com

*Counsel for Defendants SunPath Ltd.,
Andrew M. Garcia, and Joseph A.
Abraham*

October 29, 2019


## CERTIFICATE OF SERVICE

 I hereby certify that on October 29, 2019, I electronically filed the foregoing
document with the Clerk of the Court using the court's electronic filing system,
which will send notification of such filing to all parties of record, and caused a
copy to be served by first-class U.S. Mail to Mark W. Dobronski at P.O. Box
85547, Westland, MI 48185-0547.

/s/ Emily C. Palacios

14