UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK W. DOBRONSKI**, <br><br> Plaintiff, <br><br> v. <br><br> **SUNPATH LTD., ANDREW M. GARCIA, AND JOSEPH A. ABRAHAM**, <br><br> Defendants. | 2:19-cv-13094-TGB-EAS <br><br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

This suit arises under the federal Telephone Consumer Protection Act. *See* ECF No. 1-2. Defendants are SunPath Ltd. and two of its corporate officers, CEO Andrew M. Garcia and COO Joseph A. Abraham. Plaintiff Mark W. Dobronski, who proceeds pro se, alleges that he received over a dozen telemarketing calls via an automated telephone dialing system. ECF No. 9, PageID.175. During these calls, the telemarketers stated they were affiliated with Defendant SunPath. *Id.* at PageID.176. Plaintiff filed suit in Michigan state court alleging that Defendants violated the TCPA by placing telemarketing robocalls and displaying a false identification number. Defendants removed to this Court and then moved to dismiss.

In its last opinion and order, the Court granted in part and denied in part Defendants' motion to dismiss. *See* ECF No. 9 (Battani, J.). The

1

Court denied Defendants' motion to dismiss for lack of personal jurisdiction. Defendants argued in the alternative that the claim asserted in Count III of the complaint should be dismissed because no private right of action arises from the violation alleged in support of the claim. The Court agreed and dismissed Count III.

Now Plaintiff moves for reconsideration of that dismissal. ECF No. 11. As explained below, the motion for reconsideration will be **DENIED**.

## I. Legal Standard

There is cause to grant a motion for reconsideration if the moving party shows (1) a "palpable defect," (2) the defect misled the courts and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. Local Rules 7.1(h)(3); *Saltmarshall v. VHS Children's Hospital of Michigan, Inc.*, 402 F. Supp.3d 389 (E.D. Mich. 2019). A "palpable defect" is one where the defect is "obvious, clear, unmistakable, manifest, or plain." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp.2d 731, 734 (E.D. Mich. 2002) (citations omitted). New arguments raised for the first time in such a motion generally are forfeited. *Saltmarshall*, 402 F. Supp.3d at 393 (citing *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331-32 (6th Cir. 2009)). A motion for reconsideration "is not intended as a means to allow a losing party to simply rehash rejected arguments or to introduce new arguments. *Id*. Arguments that "merely present the same issues ruled upon by the

Court, either expressly or by reasonable implication" will be rejected. E.D. Mich. Local Rules 7.1(h)(3).

## II. Discussion

Plaintiff moves for reconsideration of this Court's dismissal of Count III. ECF No. 11. Count III alleges that Defendants, in initiating phone calls using an automated telephone dialing system, violated the TCPA. ECF No. 1-2, PageID.19. Specifically, 47 C.F.R. § 64.1601(e) requires that telemarketers "must transmit caller identification." But Plaintiff alleges that Defendants made numerous calls to his telephone number that displayed a false caller identification number as the originator of the call.[1] ECF No. 1-2, PageID.19. Defendants moved to dismiss Count III on the ground that there is no private right of action for § 64.1601(e). ECF No. 4, PageID.37.

The thrust of Plaintiff's reply is that § 64.1601(e) was implemented pursuant to subsection (b) of the TCPA. *See* 47 U.S.C. § 227(b). And subsection (b) provides for a private right of action. ECF No. 7, PageID.130-33.

In this Court's previous order, Judge Marianne O. Battani considered whether § 64.1601(e) was promulgated under a subsection of

---

[1] Also known as "spoofing."

3

the TCPA that confers a private right of action.[2] ECF No. 9, PageID.190-92. The previous order relied on *Dobronski v. SelectQuote Insurance Services* in dismissing Count III.[3] *Id.* at PageID.191-92 (citing No. 19-12798, 2020 WL 2744124, at *3 (E.D. Mich. 2020)). *SelectQuote* held that "this Circuit's case law likewise 'is devoid of binding authority' on the availability of a cause of action arising from a violation of [§ 64.1601(e)]. *Id.* at PageID.191. In addition, the cases identified by the parties were not binding on this Court. *Id.* As such, Judge Battani concluded that "Count III of Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted." *Id.* at PageID.192.

Plaintiff makes several arguments in his motion for reconsideration. Plaintiff raises for the first time the argument that § 64.1601(e) "falls squarely within the ambit of 47 U.S.C. § 227(c)." ECF No. 11, PageID.220. But "[n]ew arguments raised for the first time in such a motion generally are forfeited." *See Saltmarshall*, 402 F. Supp.3d at 393 (citations omitted). The Court thus will not consider whether § 64.1601(e) was promulgated pursuant to subsection (c) of 47 U.S.C. § 227.

Next, Plaintiff attacks one of the cases that this Court relied upon in its previous order. ECF No. 11, PageID.223-24 (citing *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *3-*5 (D. Md. 2016)). Judge

---

[2] This case was transferred to the undersigned pursuant to Administrative Order 20-AO-041.

[3] The plaintiff in *SelectQuote* is the same Plaintiff here.

4

Battani considered the merits of *Worsham* notwithstanding its lack of binding authority. ECF No. 9, PageID.190-191. Judge Battani concluded that *SelectQuote*, which relied primarily on *Worsham*, "thoroughly surveys the relevant case law and persuasively explains why" § 64.1601(e) was not promulgated pursuant to a subsection of 47 U.S.C. § 227 that confers a private right of action. ECF No. 9, PageID.192. The Court thus saw "no need to elaborate on the cogent analysis put forward" in those cases. *Id.* For Plaintiff now to attack the reasoning in *Worsham* amounts to "merely present[ing] the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. Local Rules 7.1(h)(3). The Court will not grant a motion for reconsideration on such grounds. Plaintiff's argument fails.

But even if the shortcomings above were ignored, Plaintiff's motion for reconsideration still lacks merit. In such a motion, Plaintiff must identify a palpable defect that is "obvious, clear, unmistakable, manifest, or plain." *Michalec*, 181 F. Supp. 2d at 734. Yet Plaintiff cites to no case law in this Circuit making it plain that § 64.1601(e) is promulgated under a subsection of 47 U.S.C. § 227 that confers a private right of action. The record shows that in the briefings for the motion to dismiss, both parties relied on out-of-circuit district court-level orders that evinced a split among the courts. Plaintiff himself acknowledges and concedes that "[c]ourts are frequent to lament that the TCPA is a source of confusion."

5

ECF No. 11, PageID.213. And even the most relevant case law, *SelectQuote*, held that this Court is "disinclined to create" a private cause of action for § 64.1601(e) "[a]bsent any authoritative basis." *SelectQuote*, 2020 WL 2744124, at *3.

The Court decided this close question after Plaintiff was unable to cite to any controlling case law support his position. Absent any binding precedent, the Court then turned to the most persuasive and relevant authorities and rendered a reasonable decision consistent with those authorities. A determination on such grounds does not rise to the level of a palpable defect.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 15, 2021    s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 15, 2021.

s/A. Chubb
Case Manager
